IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RONNIE LYNN MESHELL,** | ) |
|        **Petitioner,** | ) |
| | ) |
| v. | )    No. 3:03-CV-086-D |
| | ) |
| **DOUGLAS DRETKE, Director, Texas** | ) |
| **Department of Criminal Justice, Correctional** | ) |
| **Institutions Division,** | ) |
|        **Respondent.** | ) |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Petitioner's motion to reopen the time to file an appeal has been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The Findings, Conclusions and Recommendation of the Magistrate Judge follow:

## FINDINGS AND CONCLUSIONS

Before the Court is Petitioner's motion to reopen the time for filing an appeal.

**I. Factual Background**

On January 7, 2005, the District Court entered final judgment denying Petitioner's § 2254 petition. On June 18, 2005, Petitioner filed a motion to reopen the time for appeal, stating that he did not receive a copy of the judgment. On July 27, 2005, the undersigned magistrate judge held an evidentiary hearing on Petitioner's motion. The Court finds Petitioner's motion should be granted.

**II. Discussion**

Federal Rule of Appellate Procedure 4(a)(6) states:

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:
>
> (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving party receives notice of the entry, whichever is earlier;
> (B) the Court finds the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
> (C) the Court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

In this case, Petitioner satisfies subsection (A). Petitioner filed his motion to reopen within 180 days after the judgment was entered. The district court entered judgment on January 7, 2005. Petitioner's motion to reopen was filed 161 days later, on June 18, 2005. Petitioner also filed his motion within seven days of receiving a copy of the docket sheet, which showed entry of final judgment. On May 30, 2005, Petitioner sent a letter to the Clerk's Office inquiring about the status of his case. (Def.'s Ex. 3). Petitioner states that on June 14, 2005, he received a copy of the docket sheet from the Clerk's Office. He did not receive a copy of the judgment. Petitioner filed his motion to reopen four days later, on June 18, 2005.

Respondent argues Petitioner did not meet the seven-day deadline. Respondent states Petitioner was required to file his motion to reopen within seven days of receiving a response to his prison Form I-60 request. On May 23, 2005, Petitioner sent an I-60 request for assistance to his prison law library to determine if there had been a ruling in his case. The supervisor of the law library responded to the I-60 with a notation "denied with prejudice Jan 7, 2005." The

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -2-

record does not reflect the date Petitioner received this response. It does appear, however, that Petitioner received the I-60 response prior to writing a letter to the District Clerk's Office on May 30, 2005.

The Fifth Circuit has addressed the seven-day notice period in *Bass v. United States Dept. of Agric.*, 211 F.3d 959, 963 (5th Cir. 2000) and *Wilkens v. Johnson*, 238 F.3d 328 (5th Cir. 2001). In *Bass*, the Court held that notice of the ruling must be in writing. *Bass*, 211 F.3d at 963 (finding that the seven-day period ran from the date counsel received the court's order and not from the date he received oral notice via the telephone). In *Wilkens*, counsel for petitioner stated he did not receive notice of the judgment until a staff attorney requested that a copy be faxed to him. The Fifth Circuit held that the clerk's office facsimile transmission, received by counsel the same day it was faxed, was sufficient to establish notice and start the seven-day period.

Although the *Wilkens* decision contains broad language stating that written notice "regardless of how or by whom sent,"[1] may start the seven-day period, neither the facts of *Wilkens* or any cases cited in *Wilkens* go so far as Respondent urges here – that the law library supervisor's response was sufficient to trigger the seven-day period. In *Wilkens*, counsel received a facsimile transmission from the clerk's office. *Wilkens* also cites with approval *Nunley v. City of Los Angeles*, 52 F.3d 792, 794 (9th Cir. 1995) (finding the seven-day period began to run when the appellant's attorney saw the entry of the order adverse to his client while perusing the clerk's docket records); *Scott-Harris v. City of Fall River*, 134 F.3d 427 (1st Cir. 1997) (finding counsel's receipt of a written demand for satisfaction of judgment was sufficient to trigger the seven-day period); and *Zimmer St. Louis, Inc. v. Zimmer Co.*, 32 F.3d 357, 359 (8th

---

[1] *Wilkens*, 238 F.3d at 332.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**      Page -3-

Cir. 1994) (finding in *dicta* that the seven-day period was triggered when counsel received oral notice from the judge's clerk that an adverse order had been entered).[2]

In this case, the Court finds that Petitioner's receipt of the docket sheet on June 15, 2005, triggered the seven-day window.[3] Petitioner filed his motion to reopen on June 18, 2005, within the seven-day requirement.

Petitioner also satisfies subsection (B) of Rule 4(a)(6). There is no dispute that Petitioner was entitled to notice of the entry of judgment. The Court also finds that Petitioner did not receive notice within 21 days of entry of the judgment.[4] Petitioner further satisfies subsection (C). The Court finds that Respondent would not be prejudiced by reopening the time for appeal.

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's motion to reopen the time for filing an appeal should be granted.

Signed August 1, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]Under Fifth Circuit precedent, oral notice is insufficient. *Bass*, 211 F.3d at 963.

[3]Petitioner states he has never received a copy of the judgment.

[4]At the hearing, Respondent did not dispute that the prison mail logs do not contain an entry showing that Petitioner received any legal mail during the relevant time frame.

**Findings, Conclusions and Recommendation**
**of the United States Magistrate Judge**          Page -4-

## **INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO OBJECT**

The United States District Clerk shall serve a copy of these findings and recommendations on Petitioner. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings and recommendations must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings and recommendations to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. The failure to file such written objections to these proposed findings and recommendations shall bar that party from a *de novo* determination by the district court. *See Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 472 (1985). Additionally, the failure to file written objections to proposed findings and recommendations within ten (10) days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)(en banc).

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE